UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN KEITH HARVEY,

    Petitioner,

                                                            Case No. 1:04-cv-35

v

                                                             Hon. Wendell A. Miles

CURT JONES, Warden,

    Respondent.

_____/

ORDER ON PETITIONER'S "PETITION FOR APPEALS BOND"

       This is a habeas corpus action brought by a Michigan prisoner pursuant to 28 U.S.C. § 2254.[1]  The matter is currently before the court on petitioner's "Petition for Appeals Bond" (filed as part of docket no. 34, "Brief in Support of Habeas Corpus Writ").

       Initially the court notes that this case is not an "appeal," and therefore the rules applicable to the federal courts of appeals do not apply.  See Fed.R.App.P. 1(a)(1) (Federal Rules of Appellate Procedure "govern procedure in the United States courts of appeals").  Petitioner is therefore unable to invoke these rules to obtain release.  The State of Michigan's appellate rules likewise do not apply to this proceeding, and petitioner is therefore unable to invoke those rules to obtain release pending this court's decision on the habeas petition.

       The standard applicable to a state prisoner's request for bond pending federal habeas

---

[1] When petitioner filed his habeas petition, he was incarcerated at Michigan's Carson City Correctional Facility, where, he alleged, Curt Jones was his warden. However, petitioner currently is confined at Ojibway Correctional Facility.

review is instead as follows:

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'"

Dotson v. Clark, 900 F.2d 77, 79 (6th Cir.1990) (quoting Aronson v. May, 85 S.Ct. 3, 5 (1964)). "There will be few occasions where a habeas petitioner meets this standard." Dotson, 900 F.2d at 79.

Here, the court is still reviewing the merits of petitioner's claims, and is unable to state at this time that he has shown a substantial claim of law based on the facts surrounding the petition. However, even if the court were to conclude that the petition raises a substantial question of law, this would be "'far from enough'" to warrant the relief he seeks. Lee v. Jabe, 989 F.2d 869, 871 (6th Cir. 1993) (citation omitted).

Assuming that petitioner is able to show a substantial claim of law, he has not described the existence of "exceptional" circumstances "deserving of special treatment in the interests of justice." Most of the circumstances petitioner invokes are entirely unexceptional. The sole circumstance petitioner describes which comes remotely close to deserving "special" consideration is petitioner's contention that his brother might, in the future, need a second kidney transplant and, if so, petitioner would like to donate one of his kidneys. However, the facts as cited by petitioner seem uncertain; it's not clear that his brother has been deemed a suitable candidate for a second transplant, or that petitioner – who has admitted to having been a drug abuser – would be a suitable or matching donor. Therefore, the health of petitioner's

brother does not, at this time, warrant special treatment for petitioner.

"Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." Lee, 989 F.2d at 871.  Petitioner's motion fails to establish the existence of any extraordinary or exceptional circumstances which merit release on bond. Therefore, the court denies the motion.

**Motion denied.**

So ordered this 2nd day of July, 2008.

                                             /s/ Wendell A. Miles
                                           Wendell A. Miles, Senior Judge